### WALKER v. SPENCER et al.

No. 2325.

Circuit Court of Appeals, Tenth Circuit.

Oct. 27, 1941.

Rehearing Denied Dec. 9, 1941.

W. R. Kerr and C. R. Thurlwell, both of Tulsa, Okl. (John T. Adams and John R. Adams, both of Denver, Colo., on appeal only), for appellant.

Charles Champion, of Muskogee, Okl. (Norman M. Littell, Asst. Atty. Gen., Cleon A. Summers, U. S. Atty., of Muskogee, Okl., and Vernon L. Wilkinson, Roger P. Marquis, and Donald R. Marshall, Attys., Department of Justice, all of Washington, D. C., on the brief), for appellee the United States of America.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

J. B. Walker sued the administrator of the estate of Jackson Barnett, deceased, in two causes of action. It was alleged in the first that Barnett was a Creek Indian; that from 1902 to 1911, inclusive, he was destitute; that plaintiff furnished him food, clothing, lodging, medicines and cash; that he expressed appreciation for such benefactions and stated that if. he ever had any money he would pay plaintiff liberally; that in 1911 plaintiff became incapacitated to do physical labor; that thereafter oil was discovered on Barnett's allotment; that he became wealthy and was worth several million dollars at the time of his death; that in 1926, in fulfillment of his agreement to pay plaintiff for the benefactions extended to him, Barnett executed a written instrument which directed the "General Indian Bureau" to pay plaintiff one million dollars; that the estate was indebted to plaintiff in that sum; and that a claim had been presented to the administrator and by him denied. The second cause of action realleged the matters pleaded in the first, and further alleged that in the event it should be determined that the written instrument did not create an en-forceable obligation, plaintiff was entitled to recover on quantum meruit for the services rendered and the expenditures made, in the reasonable sum of one million dollars. The written instrument recited that plaintiff had extended aid to Barnett; that Barnett told plaintiff he hoped some day to be able to help him; that plaintiff had sustained an injury and needed help; and that plaintiff was also of Indian blood. It then directed that one million dollars be paid to plaintiff out of Barnett's money in the custody of the Bureau, referred to the transaction as a gift, and was executed by thumb mark.

The defendant served notice of the pendency of the suit on the Superintendent of the Five Civilized Tribes, and the United States seasonably caused it to be removed to the United States Court for Eastern Oklahoma, under the provisions of section 3 of the Act of April 12, 1926, 44 Stat. 239. By answer the defendant admitted that a claim predicated upon the order had been disallowed; pleaded that if Barnett signed the order it was signed without consideration, that Barnett was incompetent to sign or execute an instrument of that kind or to transact business and was under guardianship for incompetency, and that all of his property was restricted and not subject to any order made by him; and denied all of the material allegations contained in the second cause of action, particularly that the estate was indebted to plaintiff in any sum. By intervention the United States pleaded that Barnett was a full-blood Creek Indian; that he died in 1934; that at the time of his death he was the owner of certain land which had been allotted to him; that he owned other land, money, funds and property which were the accumulations from oil produced on the allotment; that such money, funds and property had been and then were in the custody of the Secretary of the Interior, for the use and benefit of Barnett and his heirs; that the heirs were restricted Indians; that the property constituting the estate was not subject to alienation; and that the estate was not liable for any contract made or debt created by Barnett in his lifetime. By answer to the intervention, plaintiff disclaimed and waived any interest in the allotted land or the interests of the restricted heirs of the allottee therein, or to the issues and proceeds therefrom.

When the cause came on for trial, plaintiff sought to dismiss it without prejudice; the court denied the application; defendant and the intervenor announced ready for trial but plaintiff announced that he was not ready; the court thereupon dismissed the action with prejudice; and plaintiff appealed.

■ The first contention advanced for reversal is that the court erred in denying the motion of plaintiff to remand the cause to the state court. The grounds of the motion were that both plaintiff and defendant were citizens of Oklahoma; that plaintiff was not asserting any right or interest in land allotted to a citizen of the Five Civilized Tribes, or to the proceeds, issues, rents or profits derived therefrom, to which a restricted member of such tribes was entitled; and that the court was without jurisdiction of the subject-matter of the action. Section 3, supra, provides that a party to a suit in the state court in Oklahoma, to which a restricted member of the Five Civilized Tribes or the restricted heirs or grantees of such an Indian are parties, and claiming or entitled to claim title to or an interest in lands allotted to a citizen of such tribes, or the proceeds, issues, rents and profits derived therefrom, may serve written notice of the pendency of such suit upon the superintendent of the Five Civilized Tribes; and that within twenty days thereafter or within such further time as the court may permit, the United States may remove the suit to the United States Court by filing in the state court a petition for such removal. Barnett was a Creek Indian; his estate consisted of allotted land, the proceeds of oil developed upon such land, and other personal property in the custody of the Secretary of the Interior; and in 1912, the probate court of the county in which he resided adjudged him to be mentally incompetent and appointed a guardian of his estate. United States v. Equitable Trust Co., 283 U.S. 738, 51 S.Ct. 639, 75 L.Ed. 1379; McGugin v. United States, 10 Cir., 109 F. 2d 94. The property constituting the estate was restricted against alienation, and it was alleged in the petition for removal that many Creek Indians or other members of the Five Civilized Tribes asserted some right, title and interest in it. The suit initially was to recover judgment against the estate as a whole. The disclaimer to any interest in the allotted land or the interests of restricted heirs thereto, or to the issues and profits therefrom, pleaded for the first time in the reply, could not affect the jurisdiction of the court which had previously attached on the removal of the action. The restricted heirs of Barnett were not formally named as parties to the action, but they were constructively parties through the administrator in the sense that their interests in the estate would be bound by any judgment rendered in favor of plaintiff. Compare, In re Valentine's Will, 93 Wis. 45, 67 N.W. 12; Stuart v. Crowley, 195 Wis. 47, 217 N.W. 719; Clark v. Briley, Tex. Civ.App., 193 S.W. 419; Perdue v. Perdue, Tex.Civ.App., 208 S.W. 353; Dodson v. Watson, Tex.Civ.App., 225 S.W. 586; O'Brien v. First State Bank & Trust Co., Tex.Civ.App., 241 S.W. 556. And the United States acted as their guardian in seeking the removal. It is plain that the suit was subject to removal under section 3, supra. Caesar v. Burgess, 10 Cir., 103 F.2d 503; United States v. Fixico, 10 Cir., 115 F.2d 389.

■ The remaining contention is that the court should not have dismissed the action with prejudice. The suit was begun in April, 1935; it was removed to the United States Court in May; the petition in intervention was filed in June; and the answer was filed in July. By order entered in November, the cause was consolidated with another proceeding pending in the court involving questions relating to the estate of Barnett; but in June, 1940, the order of consolidation was vacated and the cause restored to the docket as a separate case. The parties were directed to appear before the court on September 26, 1940, for a pretrial conference to consider the matter of amending the pleadings or otherwise simplifying the issues, the matter of obtaining admissions of fact and of documents in order to avoid the necessity of presenting them on the trial, and other matters which might aid in the final disposition of the cause. But plaintiff did not appear and the record proffers no explanation of his failure or indifference. The case was again set for pretrial conference on December 31, 1940, at which time all parties were present. It was stated in the course of the conference that it would be necessary for plaintiff to take depositions to prove the execution of the instrument upon which the first cause of action was predicated.

The cause was set for trial on February 3, 1941, and the court pointedly advised plaintiff that disposition would be made of it at that time—that it would not be dismissed. On February 3, plaintiff filed his answer to the intervention, his motion to remand, and his motion to dismiss without prejudice. It was averred in the motion to dismiss that he had been lead to believe by a previous judge of the court and the Assistant United States Attorney that the case would not be set for trial until after the final disposition of the case involving questions of heirship previously adverted to; that he had been lead to believe that the execution of the written instrument pleaded in the first cause of action would not be questioned; that he first learned at the pretrial conference that such execution would not be admitted; that the witnesses and notary public who attested the execution of the instrument resided in California; and that after securing necessary information in respect to the taking of the depositions of such witnesses, he did not have time to serve the required notice with copies of interrogatories, give defendants time to file cross-interrogatories, and then have the depositions taken and filed in court. Plaintiff learned in the course of the pretrial conference held in December that the execution of the written instrument would not be admitted; and he was definitely notified that final disposition would be made of the case on February 3, and that it would not be dismissed. He then had more than thirty days within which to take the depositions or arrange for the presence of the witnesses at the trial to testify in person. Still, it was merely averred in the motion that, after securing necessary information, plaintiff did not have time to secure the depositions. That was only a conclusion of the pleader, not an allegation of facts showing the exercise of reasonable diligence in the premises.

 Rule of Civil Procedure 41(a)(1), 28 U.S.C.A. following section 723c, provides two methods by which a plaintiff may dismiss his action, but neither of them has application here. Paragraph (a)(2) provides that, except as provided in paragraph (a)(1), an action shall not be dismissed at the instance of plaintiff except upon order of the court and upon such terms and conditions as the court deems proper. That provision manifestly vests in the trial court a reasonable discretion in fixing the terms and conditions upon which a cause shall be dismissed. Here plaintiff sought to dismiss without prejudice. But in view of the time the case had been pending, in view of the failure of plaintiff to appear at the time and place fixed for the first pretrial conference, in view of the emphatic notice given plaintiff at the time of the pretrial conference that the case would be disposed of on February 3 and that it would not be dismissed, in view of the absence of any averment of facts constituting the exercise of reasonable diligence in the preparation of the case for trial after the holding of the pretrial conference, and in view of all the preceding and attending circumstances, it cannot be said that the court abused its sound judicial discretion in dismissing the suit with prejudice.

Affirmed.