**LYMAN et al. v. UNITED STATES.**

No. 3911.

Circuit Court of Appeals, First Circuit.

Oct. 18, 1943.

Writ of Certiorari Denied Jan. 3, 1944.

See 64 S.Ct. 429.

See, also, 36 F.Supp. 53.

John F. Doherty and Fred J. Johnson, both of Boston, Mass., for appellants.

Joseph M. Jones, Sp. Asst. to the Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Sp. Asst. to the Atty. Gen., and Edmund J. Brandon, U. S. Atty., and George F. Garrity, Asst. U. S. Atty., both of Boston, Mass., for appellee.

A. F. Prescott and Frederic G. Rita, Sp. Assts. to the Atty. Gen.

Before MAHONEY and WOODBURY, Circuit Judges, and SWEENEY, District Judge.

PER CURIAM.

This case is here for the second time. It is unnecessary to recite all the facts as they are the same as set forth in the per curiam opinion of this court dated January 23, 1942. United States v. Lyman, 125 F.2d 67, 70. It was first heard here on appeal by the plaintiff from the order of the District Court amending the original judgment. We vacated that order and remanded the case for further proceedings not inconsistent with our opinion therein. We there said that the allowance of a motion by the plaintiff to dismiss after answer has been filed is within the sound discretion of the trial judge. Federal Rules of Civil Procedure, rule 41(a) (2), 28 U.S.C.A. following section 723c. We also said:

"The court, if it had deemed it desirable to set at rest any possible subsequent contention as to res judicata, might have provided in such order that it should be without prejudice to the right of the plaintiff to prosecute any other timely proceeding upon the same subject matter pending in another court."

Upon remand, the trial court entered its judgment of dismissal as follows:

"Ordered, plaintiff's amended motion to dismiss the first 'cause of action' in the 'declaration' is granted with prejudice to any action upon the first cause of action in its declaration that may hereafter be commenced, but without prejudice to the right of the plaintiff to prosecute any other timely proceeding upon the same subject matter now pending in another court."

The defendant has taken an appeal from this judgment. We see no error in the exercise of its discretion by the trial court which acted in accordance with our suggestions.

The judgment of the District Court is affirmed.