## BUTLER v. DENTON et a
### No. 3093.

Circuit Court of Appeals, Tenth Circuit.

July 13, 1945.

G. C. Spillers, of Tulsa, Okl. (W. N. Dannenburg, of Tulsa, Okl., on the brief), for appellant.

Forrester Brewster, of Muskogee, Okl., for appellees Denton, Mulley, and Washington.

Fred W. Smith, Atty., Department of Justice, of Washington, D. C. (J. Edward Williams, Acting Head, Lands Division, Department of Justice, of Washington, D. C., Cleon A. Summers, U. S. Atty., of Muskogee, Okl., and Roger P. Marquis, Atty., Department of Justice, of Washington, D. C., on the brief), for appellee United States.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

Adam Scott, a full-blood Creek Indian, died intestate. His estate included lands and funds. The funds were in the custody of the Secretary of the Interior. George Scott and Mannie Scott were the parents of the decedent. They instituted in the County Court of McIntosh County, Oklahoma, a proceeding to determine the heirs of the decedent, pleading that they were his sole and only heirs. Jennie Kelly appeared in the proceeding and asserted that she was the child of the decedent, born out of wedlock but recognized by him in the manner required by the law of Oklahoma, and that on his death she inherited the whole of his estate. The county court determined that Jennie Kelly was the child of the decedent, and that she inherited the estate; on appeal, the district court determined that George Scott and Mannie Scott inherited the property; and the supreme court reversed the judgment of the district court and remanded the cause for further proceedings. Kelly v. Scott, 125 Okl. 208, 257 P. 303. Thereafter a duly executed stipulation of compromise and settlement, approved by the Secretary of the Interior, was submitted to the district court along with a proposed judgment. The judgment was entered, and it provided among other things that out of the estate of the decedent, there should be set aside unto George Scott and Mannie Scott the sum of $115,000, for their use and benefit, and upon the death of either of them the balance should be held and used for the use and benefit of the survivor, to be supervised and disbursed by the Superintendent of the Five Civilized Tribes in accordance with the rules and regulations governing the supervision and disbursement of restricted individual Indian funds; that George Scott and Mannie Scott should during their lives and the life of each of them have the use and occupancy of the homestead of the decedent; that all ad valorem taxes upon such homestead should be paid by the estate of Jennie Kelly; and that the residue of the estate of the decedent be awarded to Jennie Kelly. The fund was placed to the credit of George Scott and Mannie Scott and disbursements were made for their use and benefit in accordance with the judgment. Mannie Scott survived George Scott. She later became Mannie Mulley. At the time of her death there remained in the fund about $97,800.50. She left a will in which Mose Mulley and Billy Washington were the sole legatees. George Denton was appointed executor under the will, and Thomas Washington was appointed guardian of the estate of Billy Washington, a minor.

Jennie Kelly, now Jennie Kelly Butler, brought this suit in the District Court of Muskogee County, Oklahoma, against Denton, as executor of the estate of Mannie Mulley. By amended petition, Mose Mulley

and Billy Washington were joined as defendants. Judgment was sought against Denton, as executor, for the balance remaining in the fund, and further judgment determining that all of the defendants had no right, title, or interest in such fund. It was alleged in the amended petition inter alia that the judgment rendered by the District Court of McIntosh County, as it appeared in the journal entry, was not the judgment actually entered; and that the judgment actually entered provided in substance that George Scott and Mannie Scott should have a life estate in the fund set aside for them, and that any balance remaining at the death of the survivor was the property of Jennie Kelly. It was further pleaded that plaintiff intended to file in the action in McIntosh County an application for an order nunc pro tunc to correct the judgment in that respect. And the petition was later filed.

This cause was removed to the United States Court for Eastern Oklahoma; the United States intervened; the defendants answered; and judgment was entered determining that the defendants Mose Mulley and Billy Washington were the owners of the fund and securities involved, subject to the supervision and disbursement of the Secretary of the Interior. 57 F.Supp. 656. Plaintiff appealed.

■ Error is assigned upon the denial of the motion to remand the cause to the state court. Section 3 of the Act of April 12, 1926, 44 Stat. 239, provides that a party to a suit in the state court in Oklahoma, to which a restricted member of the Five Civilized Tribes or the restricted heirs or grantees of such an Indian are parties, and claiming or entitled to claim title to or an interest in lands allotted to a citizen of such tribes, or the proceeds, issues, rents, and profits derived therefrom, may serve written notice of the pendency of such suit upon the Superintendent of the Five Civilized Tribes, and that within twenty days thereafter, or within such further time as the court may allow, the United States may remove the suit to the United States Court by filing in the state court a petition for removal. The act is complete within itself and authorizes the removal of a cause or proceeding coming fairly within the range of its provisions even though other independent grounds of federal jurisdiction are not present. Caesar v. Burgess, 10 Cir., 103 F.2d 503; United States v. Fixico, 10 Cir., 115 F.2d 389; Walker v. Spencer, 10 Cir., 123 F.2d 347, certiorari denied, 316 U.S. 692, 62 S.Ct. 1296, 86 L.Ed 1763; House v. United States, 10 Cir., 144 F.2d 555, certiorari denied 323 U.S. 781, 65 S.Ct. 270.

■ The defendants Mose Mulley and Billy Washington caused notice of the pendency of the action to be served upon the Superintendent of the Five Civilized Tribes in accordance with the statute; and the United States caused the action to be removed under the provisions of the act. Plaintiff, Jennie Kelly Butler, is an unenrolled Indian of less than full-blood; defendants Mose Mulley and Billy Washington are full-blood unenrolled Creek Indians; the fund to which these Indians presented rival claims of title and ownership is the proceeds of oil and gas produced on land allotted to a full-blood Creek Indian; and the fund was in the custody of the Secretary of the Interior, subject to the rules and regulations governing the supervision and disbursement of restricted Indian moneys. The action was clearly subject to removal under the statute, and the motion to remand was properly denied. Walker v. Spencer, supra; House v. United States, supra.

■■ The action of the court in overruling the motion of plaintiff for leave to dismiss the cause without prejudice is challenged. The grounds of the motion were that the application for the order nunc pro tunc was pending in the state court; that the court below had no jurisdiction to enter such an order in this cause; that the issues involved in the cause in the state court were essentially the same as the issues involved in this cause; and that this cause should be dismissed in order to avoid a multiplicity of suits involving the same or substantially the same subject matter and parties. With an exception which has no material bearing here, Rule of Civil Procedure 41(a), 28 U.S.C.A. following section 723c, provides among other things that an action may be dismissed by plaintiff by the filing of a notice of dismissal at any time before service of the answer, and that otherwise an action shall not be dismissed at the instance of plaintiff save upon order of the court and upon such terms and conditions as the court may deem proper. No answer had been filed or served at the time of the filing of the motion for leave to dismiss. But the United States had intervened on its own behalf and on behalf of the restricted Indians in-

volved in the action. It was alleged in the plea of intervention that the fund involved in the action originally constituted a part of the estate of Adam Scott, a full-blood Creek Indian; that it was in the possession of the Secretary of the Interior at the time of the enactment of the Act of January 27, 1933, 47 Stat. 777; that the court should determine that the restrictions on the fund be continued; and that the court should further determine that the Secretary continue to hold the fund for the use and benefit of the rightful owners. The original petition and the amended petition were completely silent in respect to the fund being restricted and as to it being in the custody of the Secretary of the Interior. No reference was made to its restricted status or to its custody. Both pleadings impliedly indicated that it was free of restrictions and was in the custody of the defendant Denton, as executor. It therefore is clear that the plea of intervention tendered justiciable issues for determination. And in that posture of the case, plaintiff was not vested with the absolute right of dismissal, either by the filing of a notice of dismissal or by the filing of a motion in the nature of such notice. She could dismiss only upon order of the court, and upon such terms and conditions as the court deemed proper. Under the rule, the court is vested with a reasonable discretion in the matter of dismissal after the filing and service of the answer, or the filing and service of a plea of intervention which tenders one or more justiciable issues, and the action of the court in respect of dismissal will not be disturbed on appeal unless the discretion has been abused. Walker v. Spencer, supra. We fail to find any basis for concluding that the court abused its discretion in the denial of this motion.

■ The further contention is that the trial court had no jurisdiction to pass upon the merits of the motion for an order nunc pro tunc pending in the state court. As already indicated, plaintiff pleaded the judgment entered in the action in McIntosh County, alleged that as it appeared in the journal entry it was not the judgment actually entered, and alleged that it was her purpose to file in that action an application for an order nunc pro tunc. The court delayed action in the case to afford the parties an opportunity to proceed to a hearing in the state court upon the application for the order nunc pro tunc. After such de-

lay, the cause came on for trial. Plaintiff offered oral testimony bearing upon the question of the incorrectness of the judgment, as it appeared in the journal entry; and defendants offered countervailing testimony relating to the matter. The witnesses were two attorneys who had been connected with the case in the state court, the clerk of the court at the time of the entry of the judgment, and the judge who entered the judgment. The court considered the evidence primarily for the purpose of determining whether the final disposition of this case should be held in abeyance to await determination by the state court of the motion for an order nunc pro tunc. The court found in effect that the evidence offered by plaintiff was not sufficient to show with reasonable probability that the motion would be sustained by the state court. Having so found, the court went forward with the adjudication of the ultimate issues joined—the claims of title to the fund in controversy, whether the fund was restricted, and whether it should be continued in the custody of the Secretary. But the court did not undertake to adjudicate the merits of the motion in the state court for an order nunc pro tunc. The jurisdiction of the court below attached in due form, and it could not be ousted by the filing or pendency of the motion in the state court for an order nunc pro tunc to correct the judgment of that court. Neither could a postponement of the trial of this cause be arbitrarily exacted to await determination of the motion by the state court.

■■ The final contention is that the court erred as a matter of law in determining that the judgment entered by the state court decreed the fund in question unequivocally and absolutely to be the property of George Scott and Mannie Scott without restriction. The argument is that the fund was set apart for the use and benefit of George Scott and Mannie Scott during their natural lives, and the life of the survivor, with remainder to plaintiff. As already pointed out, the pertinent part of the judgment provided in effect that the fund should be set aside unto the Scotts for their use and benefit; that upon the death of either of them, the balance should be held for the use and benefit of the survivor; and that it should be held, supervised, and disbursed under the rules and regulations governing the supervision and disbursement of restricted individual Indian

moneys. It failed to contain any provision that plaintiff was the remainderman, and that upon the death of the survivor of the Scotts the entire estate in the fund should be vested in plaintiff. It will be searched in vain for the establishment or affirmative recognition of such an estate in plaintiff. And to construe it as vesting in her an estate of that nature would amount to engrafting upon it a substantive provision of wide sweep. The purpose and function of construing doubtful provisions in a judgment is to bring out and give effect to that which is already latently in the judgment. But a court has no warrant in the course of construing provisions of that kind to add new provisions, substantive or otherwise, which were omitted or withheld in the first instance.

Affirmed.