OCKERT v. UNION BARGE
LINE CORP.

No. 10405.

United States Court of Appeals
Third Circuit

Argued June 8, 1951.

Decided June 27, 1951.

Hymen Schlesinger, Pittsburgh, Pa., for petitioner.

John R. Bredin, Pittsburgh, Pa. (Dalzell, McFall, Pringle & Bredin, Pittsburgh, Pa., on the brief), for respondent.

Before GOODRICH and KALODNER, Circuit Judges, and MARSH, District Judge.

GOODRICH, Circuit Judge.

This appeal concerns the civil action brought by the plaintiff as a seaman claiming damages for personal injuries from the defendant by whom he was employed as a deckhand. The subject-matter of the appeal is not concerned with the facts of the plaintiff's employment or the evidence on which his claim is based. The determining point is a question of law and has to do with the application of Rule 41(a) of the Rules of Civil Procedure, 28 U.S.C.A.

This Rule provides:

"Rule 41. Dismissal of Actions

"(a) Voluntary Dismissal: Effect Thereof

"(1) *By Plaintiff; by Stipulation.* * * an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, * * *.

"(2) *By Order of Court.* Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. * * *

Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

■ What happened in Ockert's case was this. The cause was called for trial. A medical witness, thought by Ockert's counsel to be necessary to the presentation of his claim, had written a note stating that he could not be present that day. A continuance was requested by Ockert's counsel. This was denied.[1] Then counsel asked for a dismissal without prejudice. This was objected to by the defense and the court denied the motion and directed that the trial proceed. The plaintiff claims that he was entitled to a voluntary dismissal without prejudice as a matter of right. If that is correct the action of the trial judge was obviously error.

■ There are some situations in which a plaintiff is entitled to dismiss of his own motion without any limitations by the trial judge. They are set out in Rule 41(a) (1), quoted above. The stated instances show clearly a thought-out purpose behind such provisions. They are to give a man a right to take his case out of court when no one else will be prejudiced by his doing so. The situation is quite different when

answers have been filed, especially if a counterclaim is included. It is likewise an increasingly burdensome matter to one's opponent if a case has been prepared, trial date set and the party and his witnesses on hand and ready for trial. While it is quite true that the practice in many states has permitted a voluntary non-suit as of right at advanced stages in the litigation, sometimes even after submission of a case to a jury, we think the object of the federal rules was to get rid of just this situation and put control of the matter into the hands of the trial judge.

■ The view that, except in the instances provided for, the grant or denial of voluntary dismissal without prejudice is a matter of judicial discretion has been accepted by the great majority of the District Courts and the Courts of Appeals[2] in this country. It is supported by the Supreme Court.[3] The one notable exception is a recent opinion by our brethren in the Seventh Circuit in which it was said that the "terms and conditions" are the only matter to which the trial court's discretion is to be applied.[4] The view of this Circuit has already been expressed in a previous decision.[5] We stated that the matter was

1. Appellant concedes that the denial of a continuance may be reversed only upon showing of an abuse of discretion. See Thompson v. Selden, 1857, Withers & Co., 20 How. 194, 198, 15 L.Ed. 1001; Preferred Accident Ins. Co. v. Patterson, 3 Cir., 1914, 213 F. 595, 598; United States v. Pacific Fruit & Produce Co., 9 Cir., 1943, 138 F.2d 367. We find no abuse of such discretion here. See discussion of ruling on motion to dismiss, infra.

2. *Motion denied—before trial:* Rollison v. Washington Nat. Ins. Co., 4 Cir., 1949, 176 F.2d 364; Walker v. Spencer, 10 Cir., 1941, 123 F.2d 347, certiorari denied, 1942, 316 U.S. 692, 62 S.Ct. 1296, 86 L.Ed. 1763. Cf. Larsen v. Switzer, 8 Cir., 1950, 183 F.2d 850, certiorari denied, 1951, 340 U.S. 911, 71 S.Ct. 291; Butler v. Denton, 10 Cir., 1945, 150 F.2d 687.

  *Motion denied—during trial:* Young v. McShain, Inc., 4 Cir., 1942, 130 F.2d 31; Evans v. Teche Lines, Inc., 5th Cir., 1940, 112 F.2d 933; Boaz v. Mutual Life Ins. Co., 8th Cir., 1945, 146

F.2d 321; United States v. Pacific Fruit & Produce Co., 9 Cir., 1943, 138 F.2d 367.

  *Motion granted:* United States v. Lyman, 1 Cir., 1943, 125 F.2d 67, Id., 1 Cir., 1943, 138 F.2d 509, certiorari denied, 1944, 320 U.S. 800, 64 S.Ct. 429, 88 L.Ed. 483. But see Home Owners Loan Corp. v. Huffman, 8 Cir., 1943, 134 F.2d 314, 316; New York, C. & St. L. R. Co. v. Vardaman, 8 Cir., 1950, 181 F.2d 769, 770. Cf. Leach v. Ross Heater & Mfg. Co., 2 Cir., 1939, 104 F.2d 88, 92, 93.

3. See Cone v. West Virginia Pulp & Paper Co., 1947, 330 U.S. 212, 217, 67 S.Ct. 752, 91 L.Ed. 849.

4. Bolten v. General Motors Corp., 7 Cir., 1950, 180 F.2d 379, 381, certiorari denied, 1950, 340 U.S. 813, 71 S.Ct. 41. Questioned in 2 Barron and Holtzoff, Federal Practice and Procedure § 912 (1950).

5. See Young v. Wilky Carrier Corp., 3 Cir., 1945, 150 F.2d 764, certiorari denied, 1946, 326 U.S. 786, 66 S.Ct. 470,

one for the discretion of the trial judge. We are content to follow our previously expressed view, which is supported, as already indicated, by the great weight of authority. We follow it not only because it is the majority view but because we think it is right.

■ Once it is established that the matter of voluntary dismissal is controlled by the discretion of the trial judge there is little question to be made that the exercise of his discretion must stand in this instance. This case, at the date reached for trial, had been pending for almost two years. It was placed on the trial list by counsel for the plaintiff himself. He selected the day. Not only was the defendant's lawyer in court, but he had found his witnesses in various parts of the country[6] and brought them to court. He had the company's physician there also. Plaintiff appeared with a pencilled message from the physician who had examined him the night before explaining that he could not be in court on the day set for trial. But the physician was not subpoenaed. This set of facts is certainly sufficient to uphold the refusal of the trial judge to permit the plaintiff to back out at this point and begin all over again.

This matter of the discretion regarding voluntary dismissal is the only important point in the case. The plaintiff's evidence was of such nature that a judgment in his favor would have been very hard either to secure or to sustain.[7]

The judgment of the District Court will be affirmed.

90 L.Ed. 477 (affirmance of order granting voluntary dismissal).

6. At argument on plaintiff's motion to dismiss without prejudice defendant's counsel stated that he had in court "a captain that we took off a boat at Louisville, Kentucky, * * * a deckhand from Columbus, Ohio, and a watchman off a boat from Point Pleasant, West Virginia."

7. The transcript discloses the following: At the close of all the evidence the trial judge asked plaintiff's attorney, "Now, about this medical testimony? Do you want to leave this record as it is?" To this counsel replied that he had done the best he could and further, said, "And I think Dr. McCaslin (defendant's expert) incidentally, was very beneficial to me." A little later he said: "There is very little we can add to Dr. McCaslin's testimony. * * * I am willing to rest it now, Your Honor, with Dr. McCaslin's testimony, * * *."