**MOORE et al. v. C. R. ANTHONY CO.**

**No. 4410.**

United States Court of Appeals
Tenth Circuit.

Aug. 7, 1952.

Paul Dudley, Oklahoma City, Okl. (J. B. Dudley, Oklahoma City, Okl., and Charles E. Bledsoe, Lawton, Okl., on the brief), for appellant.

Joseph J. Gravely, St. Louis, Mo., and Carlisle Blalock, Dallas, Tex. (Joe A. McCloud, Oklahoma City, Okl., on the brief), for appellee.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

In this suit for infringement of a design patent on a Western style hat, the trial court first held the patent valid and infringed, but subsequently granted the defendant's motion for new trial and afforded the parties an opportunity to introduce additional evidence. After the court indicated its intention to hold the patent invalid, the plaintiff, appellant here, moved for dismis-

sal without prejudice under Rule 41(a) (2) F.R.C.P. 28 U.S.C.A. and requested the court to fix the terms and conditions of the dismissal. The court overruled the motion and reentered its first findings of fact, but finally concluded that the patent was void "for want of patentable invention."

On appeal from a judgment on those findings and conclusions, appellant's first assignment of error is the refusal of the court to allow it to dismiss its cause without prejudice. The contention is to the effect that Rule 41(a) (2) authorizes the dismissal of a complaint as of right, subject only to the equitable power of the court to impose "such terms and conditions as the court deems proper"; and that the refusal of the court to fix terms and conditions for dismissal was without authority under the Rule.

■■ While the rule has been construed as contended, see Bolten v. General Motors Corp., 7 Cir., 180 F.2d 379, 381, we think the majority and better reasoned view is to the effect that the power of the court to order a dismissal of a case without prejudice " 'upon such terms and conditions as the court deems proper' " is a matter of judicial discretion, the exercise of which will not be disturbed on appeal in the absence of clear abuse. Walker v. Spencer, 10 Cir., 123 F.2d 347; Butler v. Denton, 10 Cir., 150 F.2d 687; Ockert v. Union Barge Line Corp., 3 Cir., 190 F.2d 303; Cone. v. West Virginia Pulp & Paper Co., 330 U.S. 212, 217, 67 S.Ct. 752, 91 L.Ed. 849. The motion to dismiss came after the case had been tried and submitted, and the court had finally indicated its judgment. The avowed purpose of the Rule was to prevent the dismissal of cases without prejudice after trial and in the face of an impending unfavorable judgment. See 5 Moore's Federal Practice 1018. In the circumstances, we do not think the trial court abused its discretion in overruling the motion to dismiss.

According to the claims and specifications, the characteristic feature of the design for the hat "resides in the configuration of the crown, which presents a relatively wide, longitudinally extending, central indentation bounded on its sides by substantially straight parallel ridges with elongated side indentations extending from end to end of the crown, the longitudinal extremities of said central indentation being bounded by transverse ridges and having transverse indentations in the adjacent front and rear portions of the crown, all as shown." Otherwise stated, the characteristic and patentable features of the hat were the special size, shape, location and arrangement of the various creases in the crown of the hat. The creases or indentations are shaped by use of a molding plug under hydraulic pressure in order to give the hat a permanently precise, formal and dressy appearance.

The trial court found from the evidence that for many years, hats had been shaped and creased with top, side, front and rear creases by hand and sometimes with the assistance of steam. But the court pointed out that prior attempts at hand creasing did not produce anything which resembled the plaintiff's hat. "These prior hats" said the court, "presented a slouchy and casual appearance, wherein the material is broken down at the points or lines of creasing." And, the court went on to say that the appellant's hat "has on the contrary, a formal dressy look that gives an entirely different impression than the one creased by hand or in a homemade manner."

■ Accepting these findings, the appellant contends that they established invention and that the court erred as a matter of law in resting its decree of invalidity on them. The appellee is unwilling to accept this factual premise as the sole basis for the court's decree, and, invoking the well known and salutary rule which permits it to urge in support of the decree any matter appearing in the record[1], points

1. United States v. American Railway Express Co., 265 U.S. 425, 44 S.Ct. 560, 68 L.Ed. 1087; Barie v. Superior Tanning Co., 7 Cir., 182 F.2d 724; Morley Const.

Co. v. Maryland Casualty Co., 300 U.S. 185, 57 S.Ct. 325, 81 L.Ed. 593. Cf. Hall v. Keller, 5 Cir., 180 F.2d 753.

to the prior art of record as clearly anticipating the patented design.

There was abundant evidence to the effect that long before the application for the patent in suit, the wearers of Western style hats dished out the top of the crown and indented the front, rear and sides to form creases similar to the patented design, and that characteristic creases were formed either by hand or by the use of steam or luke warm water. As compared with the machine-blocked design, they were somewhat crudely done but they represented the idea which found machined perfection in the patented product. These hats were identified by their owners who described in detail the manner by which the creases were hand shaped. A number of them were photographed and introduced in evidence. The record also contains a number of prior publications showing somewhat similar designs, and the trial judge observed that he had seen and worn hats similarly creased and indented.

■ Just as a mechanical patent must be more than "new and useful", so must a design patent be more than new, original and ornamental. Both must contain that indefinable genius of invention. See Smith v. Whitman Saddle Co., 148 U.S. 674, 13 S.Ct. 768, 37 L.Ed. 606. The design must not only be new and pleasing enough to win acceptance in the market place, it must also distinctly add to the total knowledge of the particular field of design; it must be more than mere perfection of workmanship. Associated Plastics Companies, Inc. v. Gits Molding Corp., 7 Cir., 182 F.2d 1000; Knickerbocker Plastic Co., Inc. v. Allied Molding Corp., 2 Cir., 184 F.2d 652; Application of Johnson, 175 F.2d 791, 36 C.C.P.A., Patents, 1175; In re Faustmann, 155 F.2d 388, 33 C.P.A., Patents, 1065; Cf. Shaffer v. Armer, 10 Cir., 184 F.2d 303.

■ As the trial court found, the machine-blocked design of the patent in suit gave it a formal dressy appearance not found in the prior art, even to the extent that it created a different impression to the public eye, with resultant commercial success. But even so, the idea was not new

or original and "mere polish of an old idea is not invention." Phoenix Knitting Works, v. Rich, C.C., 194 F. 708, 717. When considered against the background of the prior art, we think the appellant did no more than popularize an old idea in Western apparel by giving it the preciseness of a machine turned product. No patentable claim is made to the process, and moreover the record shows that the machine blocking of hats is not new with the appellant. We agree that the design does not involve invention.

■ Accepting and relying upon the findings of the trial court, the appellant designated for the record only the complaint, answer, amendment, motion to dismiss under Rule 41(a) (2), order overruling motion to dismiss, findings of fact and conclusions of law, judgment and decree, notice of appeal, bond on appeal, statement of points on appeal, and appellant's Exhibit One showing the design of its hat. The remaining portions of the record relate principally to the prior art, and it was designated by appellee. The appellant moves in the alternative under Rule 16 of this Court, as amended November 1, 1951, to tax the cost of that part of the record designated by appellee against it. The contention is that in the absence of a cross-appeal, the appellee could not urge that part of the record which formed the basis of an adverse ruling, and that he could be heard only in support of favorable rulings. It is true, as we have seen, that an appellee cannot add to or enlarge upon the judgment in his favor, and it will not be permitted to designate parts of the record on which it could not rely without incurring liability for its cost, regardless of the outcome of the litigation.

But the prior art designated for the record did not serve to add to or enlarge the judgment in appellee's favor, it merely supported the judgment, and the designation of that part of the record was permissible even though the trial court did not rely upon it, or it tended to contradict the reasoning of the court. It is the judgment we consider on appeal and not the reasons therefor. Kanatser v. The Chrysler Corp.,

10 Cir., 1952, 195 F.2d 104. An examination of the record discloses no designated matter which does not bear directly upon the prior art—the basis of our affirmance.

The judgment is affirmed with costs to the appellant.