VIRGILIO VERGNE, Plaintiff and Appellee, *v.* JOSÉ CLEMENTE RODRÍGUEZ and JOSÉ FERNANDO RODRÍGUEZ, Defendants and Appellants.

No. 10696. Argued February 2, 1953.—Decided September 17, 1954.

118

*Mario Báez García* for appellants. *Aníbal Padilla* for appellee.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

The plaintiff and appellee requested the former District Court of Puerto Rico, Ponce Section, now Superior Court of Puerto Rico, Ponce Part, to order the defendants-appellants to pay him for certain damages which they had caused him. To establish negligence, plaintiff-appellee alleged the following facts: "That on February 21, 1949, about 9:15 p.m., while plaintiff's automobile was traveling along Aurora Street, in Ponce, Puerto Rico, in direction from east to west, at the intersection of Cruz Street, almost reaching the west corner, coming from the east, after sounding the alarm and traveling at a moderate speed, defendant's automobile, Puerto Rico license No. 16035, ran suddenly into plaintiff's automobile without the latter being able to prevent it; that the plaintiff was driving his Chevrolet automobile accompanied by his wife and that they were wounded and received injuries, and his Chevrolet automobile was destroyed as a result of the accident; that the accident described in the second paragraph of this complaint was due solely to the excessive speed, negligence, and lack of care with which defendant José Clemente Rodríguez was driving the Oldsmobile car, license No. 16035; that the automobile of the

defendant José Fernando Rodríguez was being driven, before and after the accident, with the consent and authorization of its owner."

Both defendants-appellants herein answered and alleged: "that they denied each and every one of the essential facts of the amended complaint." After the corresponding trial was held, the trial judge, Mr. Lagarde Garcés, made the following findings and conclusions of law:

"Findings of Fact

"That plaintiff Virgilio Vergne is the owner of an automobile 'Chevrolet Coupe,' license No. 20943, and that at the time of the accident the automobile had been in use for nine years.

"That defendant José Guillermo Rodríguez is the owner of an Oldsmobile automobile, license No. 16035.

"That on February 21, 1949, while plaintiff was driving his automobile along Aurora Street in Ponce, about 9:15 p.m., going in the direction from east to west, at a moderate speed, and after he had entered the intersection of said street and Cruz Street, it was struck by defendant's automobile, which was traveling along Cruz Street, with its lights on, and that after plaintiff's car had already entered the intersection, defendant's automobile advanced into said intersection and collided with plaintiff's vehicle.

"That the accident was due to the fault, negligence and reckless driving of the defendant.

"Both vehicles had their lights on.

"Since defendant is liable for the damages caused to plaintiff, he must pay compensation.

"As a result of the accident medical care was given to plaintiff and his wife, for which they paid the amount of $41 to the doctors, which must be paid by defendant.

"For mental and physical suffering, and for loss and repairs to the car, the court deems that defendant should pay plaintiff the amount of five hundred dollars, which makes a total amount of five hundred and forty one dollars ($541), and which defendant José Clemente Rodríguez must pay to plaintiff Virgilio Vergne, for damages caused by him to plaintiff, his wife and his property.

"Pursuant to the foregoing findings of fact, the court arrives at the following

"Conclusions of Law:

"This action is predicated on § § 1802 and 1803 of the Civil Code of Puerto Rico, 1930 ed.

"The main and best known principle for determining the proximate cause is the test of foreseeability. If the particular damage suffered could have been reasonably foreseen at the time of defendant's negligent act, said act or omission is the proximate cause. *Colón* v. *Shell Co.*, 55 P.R.R. 575; *Portalatin* v. *Alers*, 69 P.R.R. 697.

"Based on the preponderance of the evidence we conclude that plaintiff was not guilty of contributory negligence because he was already in the intersection of the streets when the collision occurred and since contributory negligence is an affirmative defense it was the obligation of the defendants to prove it to the satisfaction of the court, which they failed to do. (*Asencio* v. *American Railroad Co.*, 66 P.R.R. 218; *Figueroa* v. *American Railroad Co.*, 64 P.R.R. 320).

"It was the duty of the defendant to stop his vehicle, since plaintiff's automobile had already entered the intersection of the street previously indicated. (Section 17(*g*) of the Automobile and Traffic Act approved April 5, 1946; 5 Am. Jur. 663.)"

Feeling aggrieved by the judgment entered by virtue of said findings of fact and conclusions of law, defendants-appellants have appealed and assign the following errors: *First:* "the lower court committed manifest error of fact and of law in ordering the elimination of José Fernando Rodríguez as codefendant, and in not ordering plaintiff to pay costs" and *second:* "the lower court committed manifest error of fact and of law and acted with passion and partiality in weighing the evidence."

As to the first error, it is true that plaintiff-appellee asked and obtained from the trial court after the answer was filed and at the commencement of the evidence of this case, the dismissal of the action against defendant-appellant José Fernando Rodríguez, (Tr. Ev. 4 and 5) and that the latter, speaking through his attorney, stated "we acquiesce as long as plaintiff is ordered to pay costs to the

.defendant whose elimination is being requested. The defendant, whose elimination is requested, has paid costs and expenses and has been obliged to defend himself," (Tr. 5). It is no less true that plaintiff-appellee admitted while testifying that before the complaint was filed, defendant-appellant José Clemente Rodríguez had admitted to him that he was the owner of the automobile, but he also explains the reason he had for including both as codefendants:

"Q. Tell me, Don Virgilio, upon being examined by Lic. Padilla did you testify that before filing the complaint in this case the defendant had admitted to you that he was the owner of the car?

A. Yes, sir.

Q. Why did you file the complaint against him and also against another person?

A. Because he said at Police Headquarters that the car belonged to him and his brother.

Q. And to his brother?

A. Yes, sir, then he admitted to us that the car was his own.

Q. Before filing the complaint?

A. Before filing the complaint.

Q. Notwithstanding that, why did you file the complaint against both?

A. Because in the complaint filed at the Municipal Court it is established that it belonged to both of them." (Tr. 38.)

It is likewise true that plaintiff-appellee's attorney learned, during his investigation of the case and before the complaint was filed, of the admission of defendant-appellant José Clemente Rodríguez, to the effect that he was the owner of the car but he also explained, when testifying, why he had included both defendants: "In the course of the investigation I was carrying out, I understand I asked Clemente Rodríguez why he had informed the police that the car belonged to his brother, and then he told us there that the car was registered in his brother's name." (Tr. 83.)

Explaining the true situation about the registration of the automobile, José Clemente Rodríguez testifies: "Q: Wit-

122

ness, to whom does the car belong? A: To me. Q: Why did you tell the police and his attorney that this car belonged to your brother? A: Because it was my brother who gave me the money to buy it; he had the license of the car and I was unaware that the car was registered in my name." (Tr. 108.)

It is not difficult to conclude that the best thing to do in a situation like this, is to include both brothers as defendants, since there was a real contradiction in the testimony of defendant-appellant José Clemente Rodríguez concerning the right of property of said automobile. Rule 20 (a) of the Rules of Civil Procedure for the courts of Puerto Rico provides that ". . . . . All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if *any question of* law or *fact common to all of them* will arise in the action." (Italics ours.) Defendant and appellant, José Fernando Rodríguez, could have requested the court to strike him out as a party at any stage of the proceeding, in order to prevent the expense and inconveniences of a claim in accordance with Rules 20 (b) and 21 of the Rules of Civil Procedure. But instead of doing so, he joined the other defendant-appellant, José Clemente Rodríguez, in a general denial of the facts, as if he were a necessary party to the action, afterwards consenting to his exclusion provided they would pay him costs and expenses. Such conduct should not be favored. Besides, there is nothing in the transcript of the evidence and documents in this appeal to place us in a position to determine which were actually the alleged expenses incurred or costs paid by defendant-appellant José Fernando Rodríguez for his defense. This being so, the trial judge had no basis for ordering the voluntary dismissal of codefendant, subject to the payment of costs and expenses

in accordance with the power granted by Rule 41 (a) (2) of the Rules of Civil Procedure.

 We should not construe Rule 41 (a) (2), which provides that after answer ". . . an action shall not be dismissed at the plaintiff's instance save upon order of the court and *upon such terms and conditions as the court deems proper*, . . ." as a constant rule which requires the imposition of costs and expenses on the withdrawing party, because that could in turn be used as an impediment to the liberal application of Rule 20 (a) relating to joinder of parties.

 Plaintiff's petition for an order of dismissal as to one of the defendants after the latter had answered, is always directed to the sound discretion of the trial court: *Grivas* v. *Parmelee Transp. Co.*, 207 F. 2d 334, 336 (Major, 1953) ; *Barnett* v. *Terminal R. Ass'n of St. Louis*, 200 F. 2d 893, 894 (Sanborn, 1953) ; *Ockert* v. *Union Barge Line Corp.*, 190 F. 2d 303, 304 (Goodrich, 1951) ; *Larsen* v. *Switzer*, 183 F. 2d 850, 851, 852 (Gardner, 1950).

Since the granting of plaintiff's motion for voluntary dismissal after filing an answer is not a matter of absolute right, the trial court may, in its discretion, when authorizing the dismissal, order plaintiff to pay expenses and reasonable attorney's fees incurred by defendant in making his defense, *Philadelphia Gear Works Inc.* v. *Kerotest Mfg. Co.*, 101 F. Supp. 820, 821 (Stewart, 1951), unless the defendant has suffered damages other than the mere prospect of a second lawsuit, *Cone* v. *West Virginia Pulp Co.*, 330 U. S. 212, 91 L. Ed. 849, 853 (Black, 1947), and in that event he must also pay for such damages. But when the circumstances show that the joinder of a party defendant was not a whimsical or malicious act, but that there was some reasonable basis for joining such party defendant in order to clarify a question of fact or of law, the dismissal may be ordered without the imposition of costs or attorney's fees. It has been held that payment to defendant of expenses and reason-

able attorney's fees incurred in his defense, may properly be made a condition for dismissal of the action, after the defendant has answered; but omission of such condition is not necessarily arbitrary nor does it imply an error on the part of the trial judge. *New York C. & L. R. C.* v. *Vardman*, 181 F. 2d 769, 771 (Stone, 1950).

As to the second error alleging that the trial court committed an error of fact and of law in its conclusions and acted with passion and partiality in weighing the evidence, we find nothing in the record to show an error in the analysis of the facts, and we find nothing in appellant's brief which convinces us that the law was incorrectly applied. Plaintiff's and defendant's testimony presented two different versions of the accident, irreconcilable between them; therefore, the trial judge resolved the conflict by giving credit to plaintiff's testimony which is indeed the most reasonable and probable within the physical laws that govern bodies in motion. Defendant-appellant has not indicated in what consisted the passion and partiality of the trial judge in weighing the evidence. It is true that perhaps there is not a very solid basis for finding, as did the trial judge, that plaintiff's automobile had its lights on. But since this particular point is not controlling in the finding of negligence, it being a case of an automobile collision at an intersection, where it was the duty of the defendant to give the right of way to every vehicle which had previously entered the intersection, we find no reason why, because of said omission, the judgment should be reversed. Much less do we believe that a finding more or less controvertible within a defective proof, concerning an unimportant fact in the underlying finding of negligence, represents, alone, a mental state so negative to justice, and such reproachable animosity against the best interests of a party, that we should charge the trial judge with prejudice, passion, and partiality in rendering judgment.

■ Having reached the conclusion, as did the trial judge, that the collision of the automobiles occurred at a street intersection into which plaintiff's car had already entered at the time when defendant's car darted out to cross it, hitting plaintiff's vehicle with his car, the application of § 17 (g) of Act No. 279 of April 5, 1946 (Sess. Laws, p. 598) is absolutely correct.

The judgment appealed from will be affirmed.

Mr. Justice Marrero did not participate herein.