ARTVALE, INC., Plaintiff-Appellant,

v.

RUGBY FABRICS CORP., Defendant-Appellee.

No. 301, Docket 27356.

United States Court of Appeals
Second Circuit.

Argued May 7, 1962.

Decided June 5, 1962.

Floyd H. Crews, of Darby & Darby, New York City (Emanuel R. Posnack, New York City, on the brief), for plaintiff-appellant.

Frederic P. Houston, of Otterbourg, Steindler, Houston & Rosen, New York City (James N. Buckner, of Brumbaugh, Free, Graves & Donohue, New York City, on the brief), for defendant-appellee.

Before CLARK, KAUFMAN, and HAYS, Circuit Judges.

PER CURIAM.

This is an appeal by plaintiff Artvale, Inc., from the district court's refusal to hold defendant in contempt for alleged violation of a permanent injunction heretofore granted in plaintiff's patent infringement action against defendant. On October 26, 1959, these parties had consented to entry of a judgment in the action declaring that plaintiff was the owner of a valid patent for knitted fabric and that the defendant had infringed this patent. The brief decree then enjoined the defendant "from manufacturing, using or selling netting fabrics con-

---

1. Certiorari was denied, 368 U.S. 944, 82 S.Ct. 376, 7 L.Ed.2d 340.

structed specifically according to Figures 1, 2 and 4 of said patent." At the same time the parties entered into a separate agreement detailing the nature of their settlement. They did not, however, incorporate this agreement in the consent decree. Subsequently defendant began to produce the fabric in issue here. After hearing testimony and studying exhibits and affidavits, the trial court found that there were differences between defendant's and plaintiff's fabrics in sequence and type of stitches, in interrelationship of the two threads, and otherwise, and that these amounted to substantial differences in structure. Judge Palmieri therefore concluded that defendant's fabric was not "constructed specifically according to Figure 2" of the patent, and thus defendant had not violated the injunction. Finding the questions irrelevant to the issues presented by the motion for contempt, the judge did not decide whether (1) the fabric otherwise infringed plaintiff's patent, or (2) its manufacture might violate the separate agreement. The court's findings of fact were made after extensive testimony by knitting experts and examination of diagrams, photos, and affidavits; we cannot say they were clearly erroneous.

█ The sole material issue presented by this appeal, therefore, is plaintiff's contention that the district court erred in construing the consent decree. The essence of this contention is that, in construing the operative language of the decree, the court overlooked the separate agreement and the nature of the patent claims, which, it is contended, show that the parties intended to prohibit more than a slavish point-by-point imitation of the diagrams included in the patent. We do not deny that these items may shed light on the nature of the decree. Hamilton v. Rogers, D.C.E.D.Mich., 99 F.Supp. 509. But they suggest precisely the opposite conclusion to that reached by plaintiff. A consent decree represents an agreement by the parties which the court cannot expand or contract. Butler v. Denton, 10 Cir., 150 F.2d 687. Here,

as plaintiff points out, the separate agreement, unlike the decree, does not use the word "specifically"; rather it indicates that other formulas than plaintiff's might produce the same fabric. Moreover, the nature of the patent claims gives some indication that a fabric not wholly identical to plaintiff's might nevertheless infringe the patent. We express no opinion on the merits of these claims. They show, however, that broader terminology was available to the parties had they chosen to use it. The actual choice of language in the decree, therefore, is highly significant. The district court was correct in concluding that only a fabric substantially identical to that pictured in the diagram could be said to be "constructed specifically" according to Figure 2.

Affirmed.