ECUADORIAN GULF OIL COMPANY, a
Delaware Corporation, Plaintiff,

v.

ATLANTIC RICHFIELD COMPANY, a
Pennsylvania Corporation, Defendant.

ATLANTIC RICHFIELD COMPANY, a
Pennsylvania Corporation,
Third-Party Plaintiff,

v.

MARC RICH & CO., AG., a Swiss Corporation, Third-Party Defendant.

No. CV 76-2273-DWW.

United States District Court,
C. D. California.

Dec. 27, 1976.

Richard W. Curtis, Los Angeles, Cal., Toy & Rymer, Los Angeles, Cal., for plaintiff Ecuadorian Gulf Oil Co.

Hughes, Hubbard & Reed, Norbert A. Schlei, Ronald C. Redcay, Los Angeles, Cal., Donald A. Bright, Howard S. Fredman, Los Angeles, Cal., for defendant and third-party plaintiff Atlantic Richfield Co.

Kadison, Pfaelzer, Woodard, Quinn & Rossi, Stuart L. Kadison, Los Angeles, Cal., for third-party defendant Marc Rich & Co., AG.

## ORDER DENYING MOTION TO STRIKE VOLUNTARY DISMISSAL

DAVID W. WILLIAMS, District Judge.

On July 16, 1976, plaintiff filed its complaint charging defendant Atlantic Richfield Company with wrongfully converting to its own use a cargo of Ecuadorian oriente crude oil in which plaintiff claims an ownership interest. The defendant did not file an answer, but on October 28, 1976 filed a third-party complaint against Marc Rich & Company, a Swiss corporation, for breach of warranties of title and for indemnity. On November 15, 1976 at 10:01 A.M. plaintiff filed a notice of dismissal without prejudice under Federal Rules of Civil Procedure 41(a)(1). On the same day at 5:01 P.M. the defendant and the third-party defendant (hereinafter referred to jointly as defendants) filed a motion for dismissal of the complaint or for summary judgment upon the grounds that (1) the Doctrine of Forum Non Conveniens requires this court to decline jurisdiction; (2) the complaint fails to join persons whose joinder is required, but over whom this court is unable to obtain jurisdiction; and (3) the Act of State Doctrine precludes judicial inquiry into the acts of the government of Ecuador which are called into question by this lawsuit.

Inasmuch as plaintiff's notice of dismissal preceded the filing of defendants' motion for dismissal or for summary judgment, the defendants filed a motion for an order striking plaintiff's notice of dismissal so that their motion to dismiss could be heard.

Of the three arguments advanced by defendants, only one merits discussion. Defendants contend that plaintiff's attempt to

dismiss the action was untimely because the third-party complaint, filed two weeks earlier, constituted an "answer" within the meaning of Rule 41(a)(1)(i). Defendants rely primarily on *Butler v. Denton,* 150 F.2d 687, 690 (10th Cir. 1945) and *Nance v. Jackson,* 56 F.R.D. 463, 471 (N.D.Ala.1972)—cases in which the courts refused to allow voluntary dismissals without prejudice after third parties had filed pleas of intervention which controverted the allegations of the complaint. The courts held that these other pleadings "tendered justiciable issues for determination" (*Butler,* 150 F.2d at 690), and while not denominated "answers", accomplished the purpose of answers of putting the cases at issue.

These two cases are clearly distinguishable from the case at bar. In *Butler,* the government's plea of intervention directly raised substantial issues with regard to plaintiff's right to certain funds, restrictions on the funds, and proper custody of the funds. See 5 *Moore Federal Practice,* § 41.02(3), at 1028, n. 7. In *Nance,* although the reported decision fails to elaborate on the specifics of the plea of intervention, the court concludes that it tenders a justiciable issue, presumably comparable to that tendered in *Butler* since citation is simply made to the Moore treatise where *Butler* is discussed.

Defendants argument that the third-party complaint of Atlantic Richfield tenders justiciable issues is supported only by reference to paragraph 14 of that pleading, which reads in pertinent part as follows:

"14. Ecuadorian and Gulf by the commencement of this action, and Texaco Petroleum, by the assertion of its claim, allege that Marc Rich did not have good title to this Ecuadorian oriente crude oil. *Atlantic Richfield denies these allegations and contends that Marc Rich had, and conveyed to it, good title to this oil.*" (emphasis added).

Under no fair interpretation of the third-party complaint can it be said to have "tendered justiciable issues for determination." In the reported case that is most directly on point with the instant facts, it was held that dismissal as a matter of right under Rule 41(a)(1)(i) was not affected by the filing of a third-party complaint, or by defendants' attempt to initiate discovery on the third-party complaint, or by an alleged agreement among counsel to postpone service of defendants' answer pending settlement negotiations. *Rodel, Inc. v. American Roller Co.,* 17 Fed.Rules Serv.2d 723 (N.D. Ill.1973).

Finally, it should be noted that *Harvey Aluminum, Inc. v. American Cyanamid Co.,* 203 F.2d 105 (2d Cir. 1953), *cert. denied,* 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383 (1953), does not dictate an opposite conclusion. There the Court of Appeals reversed the district court's denial of defendant's motion to vacate plaintiff's notice of dismissal, filed before service of either an answer or motion for summary judgment but after the defendant had expended considerable effort to defending the case on the merits in the form of opposing plaintiff's notice for a preliminary injunction.[1] There had been an extensive hearing lasting several days and producing a record of 420 pages, in which the merits of the controversy were squarely raised in the context of the motion for a preliminary injunction. The record of counsel's industry in the case does not compare favorably with that in *Harvey Aluminum.*

The motion for an order striking plaintiff's notice of dismissal and recalendaring defendants' motion to dismiss or for summary judgment is denied.

1. "Although the decision in the *Harvey Aluminum* case reaches a sensible result, it was supported by very little precedent. And, though courts in subsequent cases have paid lip service to its principle that dismissal by notice is improper after the merits of the controversy had been reached, it has had very little progeny in terms of actual results." Wright and Miller, *Federal Practice and Procedure: Civil* § 2363 at 157–58.