**CARIBBEAN JEWELRY CORPORATION, Plaintiff**

**v.**

**HARTFORD FIRE INSURANCE COMPANY, Defendant**

Civil No. 113/78

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

February 8, 1979

NORTON S. LEVINE, ESQ., St. Thomas, V.I., *for plaintiff*

R. ERIC MOORE, ESQ. (O'BRIEN & MOORE), Christiansted, St. Croix, V.I., *for defendant*

FEUERZEIG, *Judge*

## MEMORANDUM OPINION

This matter comes before the court for a determination as to what costs and attorney's fees should be awarded to the defendant in connection with a motion for voluntary dismissal under Rule 41 of the Federal Rules of Civil Procedure.[1]

██ This action was scheduled for trial on July 28, 1978, but by Order dated July 17, 1978, was continued on

---

[1] The Federal Rules of Civil Procedure are made applicable to this court pursuant to 5 V.I.C. App. IV, R. 7 and 4 V.I.C. § 83.

plaintiff's motion until 10:00 a.m., September 1, 1978. The court's record reflects that at precisely 10:00 a.m. on the date of trial plaintiff filed a second motion for a continuance. Argument was heard on the motion and it was denied. Alternatively, the plaintiff moved for a dismissal without prejudice pursuant to Rule 41(a)(2), F.R. Civ. P. This motion was granted on the condition that the defendant was to be awarded costs and attorney's fees, which were to be determined upon submission of an affidavit by counsel.

Rule 41(a)(2) provides, in pertinent part, that

an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.

A Rule 41 motion thus invokes the discretionary power of the court to determine the extent of relief that a defendant should receive. Nazzaro v. Weiner, 38 F.R.D. 430 (D.N.J. 1965), aff'd, 353 F.2d 537 (3d Cir. 1967). The court, in ruling on such motion, "should endeavor to insure substantial justice to both parties," 9 Wright and Miller, Federal Practice and Procedure: Civil § 2364, at 164 (2d ed. 1971), and, if necessary, impose curative conditions to effectuate this purpose. Id. at 165. At the least, this should require that the plaintiff pay defendant's costs of the litigation. Id. § 2366, at 177; see also Davis v. McLaughlin, 326 F.2d 881 (9th Cir. 1964); American Cyanamid Co. v. McGhee, 317 F.2d 295 (5th Cir. 1963); Federal Savings & Loan Ins. Corp. v. Reeves, 148 F.2d 731 (8th Cir. 1945).

 In this case, defendant asserts that plaintiff's counsel did not inform defense counsel of his intention to seek a continuance or a voluntary dismissal without prejudice until "the waning hours of August 31, 1978." Defense counsel also states that the plaintiff's attorney said that if the defendant appeared with witnesses it would be at the defendant's expense. As defendant correctly points out, it would have been improper to have assumed that the court

would grant one of the plaintiff's motions. Plaintiff's motion for a continuance clearly was tardy and in express violation of this court's standing Order of February 16, 1977.[2] In addition, since the defendant already had answered, the plaintiff did not have an absolute right to dismiss the action without prejudice. American Cyanamid Co. v. McGhee, supra; Federal Savings & Loan Ins. Corp. v. Reeves, supra; Stevenson v. Missouri Pac. Railroad Co., 53 F.R.D. 184 (E.D. Ark. 1971), quoting Kennedy v. State Farm Mutual Ins. Co., 46 F.R.D. 12 (E.D. Ark. 1969). The court could have ordered the plaintiff to choose between dismissal with prejudice or proceeding with the action. 9 Wright and Miller, supra, § 2367, at 184; § 2366, at 176, 177; American Cyanamid Co. v. McGhee, supra. As a result, prudence dictated that the defendant come to court prepared to proceed with its case. Under these circumstances, the defendant should receive reimbursement for its costs. As defendant notes, the fact that the expert fees are high is not a justifiable objection.[3] They are out-of-pocket expenses that the defendant already has incurred, and there has been no showing that they were incurred unjustifiably.[4] The same is true for the other costs claimed by defendant. I will refuse, however, to require reimbursement for the $569.11 claimed for investigation costs paid to the General Adjustment Bureau because there has been no showing that the costs were incurred in anticipation of litigation or for trial.

---

[2] By the Order of February 16, 1977, all attorneys were advised that except for extraordinary circumstances no motion for a continuance would be considered by the court unless submitted in writing at least two days prior to scheduled hearings as required by 5 V.I.C. App. IV, R. 35.

[3] The expert fees are Nils Korst, engineer, $450.00; N. O. Wells, engineer, $300.00 and James L. Duderstadt, Caribbean Technical Corp., $45.00.

[4] Plaintiff cites Questel v. Querrard, 6 V.I. 214, 278 F.Supp. 341 (D.V.I. 1968), as authority for the proposition that "fees charged by expert witnesses are not taxable as an item of cost to the prevailing party." That decision is inapposite. Questel involved a motion for costs after the action had been tried and a judgment rendered for defendant on his counterclaim. Accordingly, the court was guided by Rule 54 of the Federal Rules of Civil Procedure and 5 V.I.C. § 541. This case, however, is governed by Rule 41 of the Federal Rules of Civil Procedure.

Cf. Ravineau v. Hess Virgin Islands Corp., Civil No. 77-20 (D.V.I., Div. St. Thomas & St. John, February 8, 1978).[5]

██ With respect to attorney's fees, while under Rule 41 full reimbursement could be awarded, the court does not believe that such an award would be equitable. The court believes that compensation for 15 of the 38.25 hours claimed at the billable rate of $60 per hour will insure that the granting of the plaintiff's motion was conditioned upon terms that are just.[6]

---

[5] Defendant's other costs were $172.50 for a deposition and $81 for attorney travel between St. Croix and St. Thomas. Plaintiff argues that it should not be penalized for these travel costs. The defendant should not under these circumstances have to bear the cost of selecting a St. Croix attorney as opposed to one based in St. Thomas.

[6] It goes without saying that this Order will in no way prejudice the plaintiff if it reinstitutes the action and ultimately is victorious. However, if defendant ultimately prevails in a subsequent lawsuit it may not again recover the instant costs pursuant to a motion under 5 V.I.C. § 541. Neither § 541 nor Rule 41 contemplates a party receiving double indemnity. Consequently, defendant's recovery here will bar a later motion with respect to these same costs and attorney's fees.