NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3609
_____

CHRISTINE HAMILTON,
personal representative of the
Estate of Blair Shannon, deceased

v.

DOWSON HOLDING COMPANY, INC.;
BEST WESTERN INTERNATIONAL, INC.

Dowson Holding Company, Inc., Appellant
_____

APPEAL FROM THE DISTRICT COURT OF THE VIRGIN ISLANDS
(D.C. Civ. Action No. 3-08-cv-00002)
District Judge: Honorable Curtis V. Gomez
_____

Submitted Under Third Circuit LAR 34.1(a)
December 6, 2011
_____

Before: FISHER, GREENAWAY, JR., and ROTH, *Circuit Judges*.

(Opinion Filed: December 23, 2011)

_____

OPINION
_____

GREENAWAY, JR., *Circuit Judge*.

1

Dowson Holding Company, Inc. ("Dowson") seeks review of the District Court's decision granting Christine Hamilton's ("Hamilton") motion to voluntarily dismiss her action pursuant to Fed. R. Civ. P. 41(a)(2), as well as the District Court's denial of Dowson's motion seeking to disqualify Hamilton's counsel.[1]

## I.  Background

We write primarily for the benefit of the parties and recount only the essential facts.  On January 19, 2006, an intruder entered the room where Blair Shannon was staying at the Best Western Caribbean Beach Hotel, which is operated by Dowson.  The intruder fatally shot Mr. Shannon.  Subsequently, Mr. Shannon's minor daughter, through her guardian, Christine Hamilton, filed the present action in the District Court of the Virgin Islands against Best Western International, Inc. ("Best Western") and Dowson.

The week before trial, Hamilton settled with Best Western.  During the final pretrial hearing before the Magistrate Judge, Hamilton's counsel informed the Court of his client's desire to voluntarily dismiss the case against Dowson.  The Magistrate Judge adjourned the pretrial conference and the parties appeared before the District Judge in order to voluntarily dismiss the action.  The District Judge granted Hamilton's oral motion seeking voluntary dismissal.

---

[1] Dowson also seeks review of the District Court's denial of its request for counsel fees.  However, Dowson never submitted a petition for counsel fees, as instructed by the District Court during the hearing on July 30, 2010.  Since no request for counsel fees was ever made, we have no decision to review regarding this issue.

2

## II.  Jurisdiction and Standard of Review

The District Court had jurisdiction, pursuant to 28 U.S.C. § 1332.  We have jurisdiction, pursuant to 28 U.S.C. § 1291.

We review the District Court's grant of Hamilton's request to voluntarily dismiss the complaint for abuse of discretion.  Ferguson v. Eakle, 492 F.2d 26, 28 (3d Cir. 1974). We also review the District Court's decision denying Dowson's request to disqualify Hamilton's counsel for an abuse of discretion.  Lazy Oil Co. v. WITCO Corp., 166 F.3d 581, 588 (3d Cir. 1999).

## III. Analysis

Dowson challenges Hamilton's voluntary dismissal, arguing that the dismissal on the day of trial greatly prejudiced Dowson.  We disagree.  Although Dowson claimed that Hamilton had no basis for bringing the case and that the expense of trial preparation created an unnecessary burden to them, we believe Dowson benefitted from the settlement between Hamilton and Best Western.  We find no prejudice here.

While we have found prejudice to a defendant due to the voluntary dismissal immediately before trial, those cases involved a second step following the voluntary dismissal in federal court — the filing of a new proceeding in state court.  Ferguson, 492 F.2d at 29.  Conversely, we have found no abuse of discretion when the district court has denied a request to voluntarily dismiss a complaint without prejudice on the day of trial. Ockert v. Union Barge Line Corp., 190 F.2d 303 (3d Cir. 1951).  In Ockert, plaintiff sought to voluntarily dismiss on the day of trial due to the alleged unavailability of a

3

witness, intending to reinstitute the case in the near future. We found the facts "sufficient to uphold the refusal of the trial judge to permit the plaintiff to back out at this point and begin all over again." Id. at 305.

The situation here is quite different. Hamilton did not voluntarily dismiss this action in order to bring a new action against Dowson, in either state or federal court. Hamilton simply sought to conclude the matter entirely. All of Hamilton's claims against Dowson were resolved by the voluntary dismissal. Dowson faces no risk of future litigation. The District Court did not abuse its discretion in approving the voluntary dismissal of this matter.

As to Dowson's argument regarding the motion for disqualification, the voluntary dismissal of the case renders appeal of that decision moot. If we were to consider it on the merits, we would also find no abuse of discretion. The Magistrate Judge's decision[2] involved a fact-intensive analysis. Dowson argues that, while working for Hamilton, Dennis Sheraw, a private investigator, used confidential attorney work product documents he obtained from counsel for Dowson. In support of their allegation, counsel for Dowson offers an affidavit from Delroy Richard, the president of the private security company used by the Hotel. Mr. Richard avers that the witness statement prepared by

---

[2] The Magistrate Judge issued a memorandum and order denying the motion seeking disqualification. The Hotel appealed this decision to the District Judge, pursuant to 28 U.S.C. § 636(b)(1)(A). At the time this case was dismissed, the District Judge had not acted upon this appeal. Rather, upon dismissing the case, the District Judge denied all pending motions as being moot. That decision effectively affirmed the Magistrate Judge's denial of the motion to disqualify counsel.

4

Mr. Sheraw included statements he never made to Mr. Sheraw. Counsel for Dowson reasons that these statements could only have come from the confidential documents they provided to Mr. Sheraw. Mr. Sheraw denies using any confidential information in his investigation. Counsel for Hamilton denies any knowledge of the confidential information prior to the filing of Dowson's motion for disqualification.

The Magistrate Judge, after reviewing the confidential documents in camera, as well as the affidavit from Mr. Richards and the witness statement prepared by Mr. Sheraw, concluded that none of the information in the witness statement derived from the confidential documents. As a result, the Magistrate Judge concluded that no ethical violation had occurred.

The parties have not provided us with the confidential documents. On their face, the minor discrepancies set forth by Mr. Richards in his affidavit do not prompt us to believe that Mr. Sheraw incorporated information from the confidential documents in his witness statement. Based on the facts before us, and our inability to review the confidential documents ourselves, we would be unable to conclude that the Magistrate Judge abused his discretion in deciding that disqualification was not warranted.

## IV. Conclusion

We will affirm the decision of the District Court.