IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| BEACHSIDE ASSOCIATES, LLC, | ) | CIVIL NO. ST-06-CV-498 |
| Plaintiff, | ) | |
| vs. | ) | ACTION FOR |
| | ) | DECLARATORY RELIEF |
| SBRMCOA, LLC, d/b/a SAPPHIRE | ) | |
| BEACH RESORT AND MARINA | ) | |
| CONDOMINIUM OWNERS | ) | |
| ASSOCIATION, | ) | |
| Defendant. | ) | |
| | ) | JURY TRIAL DEMANDED |

APPEARANCES

Neil D. Goldman
510 King Street, Suite 416
Alexandria, VA 22314

Gregory H. Hodges
Dudley, Newman and Feuerzeig, LLP
1000 Frederiksberg Gade
St. Thomas, VI
*Attorneys for Plaintiff*

Maria Tankenson Hodge, Esq.
Hodge & Hodge
1340 Taarneberg
St. Thomas, VI
*Attorney for Defendant*

**Cite as 2020 VI Super 9**

## MEMORANDUM OPINION

¶1     **THIS MATTER** is before the Court on Plaintiff Beachside Associates, LLC's

(hereinafter "Beachside") October 27, 2016 Motion to Dismiss Without Prejudice.[1]

---

[1] The Motion is fully briefed, including a sur-reply from the Defendant.

Defendant SBRMCOA, LLC d/b/a Sapphire Beach Resort and Marina Condominium Owners Association (hereinafter "the COA") seeks dismissal with prejudice and requests an award of attorneys' fees and costs. For the reasons set forth below the Court will grant the Motion to Dismiss without prejudice and deny COA's request for costs and attorneys' fees.

## FACTS

¶2    This dispute arises out of an action that commenced thirteen years ago concerning a parcel of land located on the East End of St. Thomas, Virgin Islands. On September 26, 2006, Beachside, the holder of a first priority mortgage on Parcel No. 11-N Estate Smith Bay, St. Thomas, Virgin Islands ("the Property"),[2] filed a complaint alleging that the COA, an association of condominium owners at Sapphire Beach resort, tortiously interfered with Beachside's rights to access, use, and fence the Property when the COA denied Beachside's contractor and crew through a guard station it erected on Parcel No. 16-1-2 Estate Smith Bay. Beachside sought declaratory and injunctive relief to enjoin the COA from further interference, as well as compensatory, consequential, and punitive damages. The COA argues that it has an easement over the Property and that fencing would interfere with its easement. On October 10, 2006, the COA filed a Rule 12(b)6 Motion to Dismiss. Following a host of procedural rulings—including a ruling on December 11, 2011[3] on Beachside's

---

[2] Beachside has since become the owner of the Property.
[3] There have been several actions filed by Beachside against different defendants in the Superior Court, which concern the same parcel of land. Three of these actions, Case No. ST-06-CV-668, Case No. ST-07-CV-171, and Case No. ST-09-CV-09 were consolidated by a court order dated December 16,

motion to consolidate—the COA withdrew its Motion to Dismiss and filed its answer on September 29, 2014. The matter was eventually referred to mediation and scheduled for trial. The trial was continued on at least two occasions and eventually the final pre-trial conference was scheduled for November 3, 2016, with jury selection to occur on November 28, 2016.

¶3      Just prior to the pre-trial conference, on October 27, 2016, Beachside filed a Motion to Dismiss this action without prejudice, pursuant to Fed. R. Civ. P. 41(a)2. The COA filed a Response to Beachside's Motion to Dismiss requesting that the Court deny Beachside's motion, or alternatively, grant dismissal of the action with prejudice, subject only to Beachside's payment of the COA's costs and fees. Beachside argued that its motion to dismiss was a favor to the COA and if the Court intended to grant fees to the COA, Beachside would withdraw its motion to dismiss and take the matter to trial. The COA's sur-reply, filed after the trial had been cancelled, seems to abandon the demand for trial and requests that the matter be dismissed with prejudice, conditioned upon an award of fees and costs to the COA.

---

2011, pursuant V.I. R. Civ. P. 7, on Beachside's motion to consolidate. However, the court denied Beachside's motion to consolidate the case at bar with those other cases.

## MOTION TO DISMISS

¶4     Beachside has moved to voluntarily dismiss the complaint without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) on the grounds "that the underlying legal issues are encompassed in another case pending in this Court, which was tried in September [2016], namely, *SBRMCOA, L.L.C. v. Beachside Associates, L.L.C.*, ST-2014-CV-0138 (the "Easement Case")." Beachside further defends its request for dismissal without prejudice by stating that it will "forego monetary damages in this proceeding." In opposition, the COA argues that Beachside's motion comes as a result of the Plaintiff's "fear[] that a jury may rule against its strongly disputed claim" and further asserts that the COA "would be severely prejudiced by dismissal. . .at this very late date." The COA initially opposed the motion to dismiss and demanded that the matter proceed to trial, but later seemed to abandon that position (after the trial date had lapsed) and requests the matter be dismissed with prejudice with an award of fees and costs to the COA.

## LEGAL STANDARD

¶5     Federal Rule 41 was previously applicable to this Court through Superior Court Rule 7. However, "effective March 31, 2017, this Court adopted the Virgin Islands Rules of Civil Procedure, which supersede all previous civil procedure rules applicable to the Superior Court, including the Federal Rules of Civil Procedure that had been applicable through former Superior Court Rule 7." *Mills-Williams v. Mapp*,

67 V.I. 574, 585 (V.I. 2017). "[The Virgin Islands] rules govern ... proceedings in any action pending on the effective date of the rules or amendments, unless ... the Supreme Court ... specifies otherwise by order ... or ... the Superior Court makes an express finding that applying them in a particular previously pending action would be infeasible or work an injustice." V.I. R. Civ. P. 1-1(c). For this reason, the Court applies V.I. R. Civ. P. 41 to Beachside's motion. Since V.I. R. Civ. P. 41 and Fed. R. Civ. P. 41 are substantively identical, the change of the rule applied is merely nominal. *See Yearwood Enterprises, Inc. v. Antilles Gas Corp.*, 69 V.I. 863, 867 n.2 (V.I. 2018) (finding "Virgin Islands Rule of Civil Procedure 41 is identical to the previously applicable federal rule"); *Victor-Perez v. Diamondrock Frenchman's Owner, Inc.*, No. ST-15-CV-387, 2017 WL 4538920, at *7 n. 50 (V.I. Super. Ct. Aug. 31, 2017) (finding "decisions interpreting the [Fed. R. Civ. P.] are persuasive authority where the V.I. R. Civ. P. and the [Fed. R. Civ. P.] are substantively identical").

¶6      V.I. R. Civ. P. 41 allows a plaintiff to dismiss an action without a court order if the opposing party has not filed an answer or motion for summary judgment, or if all parties stipulate to dismissal. *See Yearwood Enterprises, Inc. v. Antilles Gas Corp.*, 69 V.I. 863, 867 (V.I. 2018). In all other circumstances, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." V.I. R. Civ. P. 41(a)(2). The "main purpose" of requiring the Court's approval under 41(a)(2) "is to prevent voluntary dismissals which unfairly affect the rights of

the defendant." *Island Tile & Marble, LLC v. Bertrand*, 57 V.I. 596, 618 (V.I. 2012);

*see also Beaver Associates v. Cannon, 59 F.R.D. 508*, 1973 U.S. Dist. LEXIS 13708, at

*2 (S.D.N.Y.) ("[A] motion . . . for a voluntary dismissal of a suit, Fed. R. Civ. P.

41(a)(2), calls for the exercise of judicial discretion to avoid an unfair effect on anyone

else incident upon such a termination of the suit."). Accordingly, if a dismissal would

not unfairly affect the rights of the defendant, the Court should grant the motion. *See*

*Island Tile*, 57 V.I. at 618.

## DISCUSSION

¶7    Unless otherwise stated, a voluntary dismissal under Rule 41(a)(2) is without

prejudice as to all defendants. *Ockert v. Union Barge Line Corp.*, 190 F.2d 303, 304

(3d Cir. 1951); *Holloway v. Hess Oil Virgin Islands Corp.*, 69 V.I. 496, 508 (V.I. Super.

Ct. 2018) (quoting *Island Tile*, 57 V.I. at 610).[4] When a plaintiff moves to dismiss

without prejudice, the Court has discretion to permit dismissal. *See Ockert*, 190 F.2d

at 204 ("The view that. . . the grant or denial of voluntary dismissal without prejudice

is a matter of judicial discretion has been accepted by the great majority of the

District Courts and the Courts of Appeals.") (collecting cases); *Williams v. Cost-U-*

*Less, Inc.*, No. 2011-025, 2013 WL 450368 at *2 (D.V.I. Feb. 6, 2013) (citations

omitted); *Virgin Islands Housing Finance Authority v. Browne*, No. 2017-48, 2018 WL

4558983, at * 2 (V.I. Super. Ct. Sept. 21, 2018) (citation omitted); *see also* 9 Charles

---

[4] "[W]hether to grant the motion to dismiss with or without prejudice," is a decision that ultimately "lies in the discretion of the Court." *Williams v. Cost-U-Less, Inc.*, No. 2011-025, 2013 WL 450368 at *2 (D.V.I. Feb. 6, 2013) (citations omitted).

Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2367 (3d ed. 1998) [hereinafter Wright & Miller].[5] A court should grant a voluntary dismissal unless the defendant "can show that it will suffer some plain legal prejudice as a result." *Christopher v. V.I. Taxi Ass'n*, No. ST-09-CV-444, 2009 V.I. LEXIS 24, at *3 (V.I. Super. Ct. Dec. 1, 2009) (citing *Brown v. Baeke*, 413 F.3d 1121, 1124 (10th Cir. 2005)); *see also Hayden v. Westfield*, 586 Fed.Appx. 835, 843 (3d Cir. 2014) (stating that motions for voluntary dismissal should be granted unless the defendant will suffer legal prejudice). The Court may consider "whether the [plaintiff] has presented a proper explanation for its desire to dismiss; whether dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants." *In re Alumina Dust Claims*, 2019 VI Super 139, ¶25 (alteration in original) (citations omitted); *see also Browne*, 2018 WL 4558983, at * 2 ("In ruling on such a motion, the Court must decide the presence or extent of any prejudice to the defendant. . . .").[6] Dismissals should "be granted with prejudice when defendants may be subject to extreme financial prejudice; when a defendant confronts the possible loss of a substantial right; or when a defendant otherwise experiences substantial prejudice." *Del Valle v. OfficeMax N. Am., Inc.*, No. CV-13-24, 2015 WL 1187627, at *3 (D.V.I. Mar. 11, 2015) (internal quotation marks omitted) (quoting *Williams v. Cost–U–Less,*

---

[5] However, when a plaintiff seeks to dismiss with prejudice, the Court's discretion to deny dismissal is appreciably more limited. *Island Tile*, 57 V.I. at 618; *see also* Wright & Miller, *supra*, at § 2367.
[6] Importantly, "courts need not analyze each factor or limit their consideration to these factors." *See Doe v. Urohealth Sys.*, 216 F.3d 157, 160 (1st Cir. 2000); *Tyco Labs, Inc., v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980).

*Inc.*, 2013 WL 450368, *2 (D.V.I. Feb. 6, 2013)), *aff'd sub nom. Del Valle v. Officemax N. Am.*, 680 F. App'x 51 (3d Cir. 2017). The Court now turns its attention to these considerations.

¶8    In its motion, Beachside states that "[t]he reason for its request is that the underlying legal issues are encompassed in [the Easement Case]. . . ."[7] The Easement Case was tried before the Superior Court of the Virgin Islands (Honorable Judge Michael C. Dunston presiding) on September 21 and 22, 2016 and awaits decision. Beachside explains that,

> Because the substantive issue in this case [was] already tried in the Easement Case, Beachside decided it would waive the claim for damages asserted in this case, and leave the substantive issue relating to parking on 11-N for decision in [the Easement Case] to save the expense of trying the matter twice.

Beachside offers that the order of dismissal without prejudice could even provide that "Beachside is barred from seeking money damages arising from the actions of the COA in 2006 in barring access by Beachside's contractor to install the fence."[8] Beachside requests dismissal without prejudice "solely to permit the Court in the Easement Case to decide the issues presented by the parties." If the Court were to grant dismissal with prejudice, the dismissal would serve as an adjudication on the

---

[7] The case was filed by the COA on March 10, 2014. On April 30, 2014, Beachside filed its answer and counterclaims. The COA moved to dismiss its complaint on April 21, 2015 and Judge Dunston granted the dismissal on June 1, 2015 on the condition that the COA pay Beachside's legal fees. Only Beachside's counterclaims remain.

[8] In the case at bar, Beachside seeks an award of compensatory and punitive damages, but it has no request for damages in the Easement case.

merits, which Beachside argues, would bar consideration of the same issues in the

Easement Case under the doctrine of *res judicata*.[9]

¶9      The COA opposes Beachside's motion and requests that the Court deny the

motion to dismiss without prejudice and instead dismiss with prejudice. (Def.'s Opp'n.

to Pl.'s Mot. Dismiss 5). The COA argues that

> [Beachside's] reference. . .to the [Easement Case] pending before Judge
> Dunston, with some overlapping issues, that it wishes to have decided
> in that case, plainly does not justify its conduct in this matter, in
> effectively stringing the COA and this Court along, in the costly and
> time-consuming jury trial preparation.

The COA further argues that after the Court's dismissal of the COA's complaint in

the Easement Case on June 1, 2015, which left only Beachside's counterclaims to be

tried, Beachside "had two cases pending against the COA, before two different judges,

and firmly elected to proceed with both." Beachside did not attempt to move for

dismissal, but rather confirmed its intent to proceed and have this case tried by a

jury. As such, the COA argues that it has been severely prejudiced by the attorneys'

fees it has incurred in preparing this matter for trial, while also preparing for and

trying the Easement Case. Opposing this request, Beachside argues that "[a]

dismissal with prejudice, without carving out the issues raised in the Easement Case,

would likely operate to bar those claims that have already been tried under the

doctrines of claim preclusion, or *res judicata*." Beachside also argues the motion to

dismiss was a "favor" to the COA, and if the Court has any intention of granting an

---

[9] As of the date of this Memorandum Opinion, the Easement Case remains pending.

award of fees to the COA, Beachside will withdraw its motion to dismiss and take the matter to trial. Beachside also points out that the dismissal of this case would save the COA of the exposure to any award of compensatory damages and punitive damages in this case, especially since Beachside is not seeking an award of damages in the Easement Case.

¶10    The viability of Beachside's counterclaims against the COA in the Easement Case is relevant to assessing Beachside's purpose in seeking voluntary dismissal and thus the Court considers the issue. *See, N.S. v. District of Columbia*, 272 F. Supp. 3d 192, 197 (D.C. Cir. 2017) (noting that a court should consider whether a motion to voluntarily dismiss was "sought in good faith") (quoting *Indep. Fed. Sav. Bank v. Bender*, 230 F.R.D. 11, 13 (7th Cir. 2005)); *Baca v. Berry*, 806 F.3d 1262, 1270 (10th Cir. 2015) (noting that the court should consider whether the explanation of the need for dismissal is sufficient); *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013) (finding that the district court abused its discretion when it failed to consider whether the plaintiff's purpose in seeking dismissal was proper).

¶11    "Res judicata. . . precludes relitigation of 'any claims that were raised or could have been raised in a prior action.'" *Stewart v. Virgin Islands Bd. of Land Use Appeals*, 66 V.I. 522, 531 (V.I. 2017) (citation omitted). The purpose of the doctrine is to promote "fairness. . . and sound judicial administration." *Stewart*, 66 V.I. at 531, 542 (citation and internal quotation marks omitted). To bar relitigation of a claim under *res judicata*, the moving party must demonstrate that "(1) the prior judgment

was valid, final, and on the merits; (2) the parties in the subsequent action[10] are identical to or in privity with parties in the prior action; and (3) the claims in the subsequent action arise out of the same transaction or occurrence as the prior claims." *Stewart*, 66 V.I. at 532 (collecting cases). Under Virgin Islands common law, "a dismissal with prejudice. . . serves as an adjudication on the merits that precludes relitigation in another forum," *Island Tile & Marble, LLC v. Bertrand*, 57 V.I. 596, 618 (V.I. 2012), whereas a dismissal without prejudice does not. *See Semetek Intern. Inc., v. Lockheed Martin Corp.*, 531 U.S. 497, 504 (2001) ("an 'adjudication upon the merits' is the opposite of a 'dismissal without prejudice.'"). In *United Corp., Inc. v. Hamed*, No. ST-13-CV-101 (V.I. Super. Ct. Oct. 24, 2016), the Court dismissed the action without prejudice "to avoid duplicative litigation or inconsistent opinions and in the interest of judicial economy" and "so as not to limit other litigation" because that defendant was also a party in another case and subject to the same claims as those alleged in proceedings before the court. Were this Court to grant the COA's request for dismissal with prejudice, it would serve as a valid and final judgment on the merits,[11] and thereby preclude judgment on the Easement Case, to the extent it

---

[10] A subsequent action does not necessarily mean the action filed later in time. Rather, a subsequent action in this context refers to the action in which a final judgment has not yet been entered. "If two actions are pursued simultaneously the first judgment to be entered is entitled to res judicata effect without regard to the order in which the two were commenced. . ." Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4404 (3d ed. 1998).

[11] A decision is final, valid, and on the merits if it "permanently forecloses a party from further advancing a claim or defense." *Stewart*, 66 V.I. at 534 (citation omitted). It need not have "resolve[d] underlying substantive issues." *Id.* at 534 (citing *Costello v. United States*, 365 U.S. 265, 287 (1961)).

arises out of the same transaction or dispute.[12] *See Stewart*, 66 V.I. at 540 (finding that a subsequent action arises out of the same transaction or occurrence when that action "relies on the same group of operative facts giving rise to the assertion of relief as the earlier claim or claims"). However, even if the Court were to find that the Easement Case "relies on a legal theory not advanced in [this] case, seeks different relief than that sought in [this case], and involves evidence different from the evidence relevant to [this] case," a dismissal of this case with prejudice would still bar judgment on the Easement Case because both cases arise "out of the same aggregate of operative facts." *Stewart*, 66 V.I. at 543 (quoting *Conn. Nat'l Bank v. Kendall*, 617 A.2d 544, 547 (Me. 1992)).

¶12    The Court finds that the "litigation of the same claims twice. . . in two separate actions," is against the interests of sound judicial administration and therefore concludes that dismissal is appropriate. *See Stewart*, 66 V.I. at 531. However, since a dismissal with prejudice would threaten the viability of Beachside's counterclaim in the Easement Case—and the rights of the parties to a judgment on the issues—the Court finds Beachside's purpose in seeking dismissal without prejudice legitimate. Therefore, the Court will reject the COA's request to dismiss with prejudice and will

---

[12] In its Opposition, the COA concedes that the claims in the two cases arise out of the same transaction and occurrence, such that to permit the pursuit of both would be to allow litigation of "the same claims twice. . . in two separate actions." (Def.s Opp'n to Pl.'s Mot. Dismiss at 6, n. 3). Since both Beachside and the COA appear to agree that the claims are the same, the Court finds no need to further analyze the issue.

grant Beachside's Motion to Dismiss Without Prejudice, so long as it does not prejudice the COA. The Court now turns to consider that issue.

¶13     Virgin Islands courts will typically grant Rule 41(a)(2) motions unless "the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Del Valle v. OfficeMax North America, Inc.*, Nos. 13-42 & 13-34, 2015 WL 1187627 at *3 (D.V.I. Mar. 11, 2015) (quoting *In re Tutu Wells Contamination Litig.*, 994 F. Supp. 638, 652 (D.V.I. 1998)); *see also, Cornell v. Pirates' Pension Bd. of Directors*, No. 2006-100, 2008 WL 4748169 at *1 (D.V.I. Oct. 27, 2008) (citing *Ferguson v. Eakle*, 492 F.2d 26, 28 (3d Cir. 1974)). While the "parameters of 'legal prejudice' are not absolutely clear," they clearly encompass circumstances that amount to more than the possibility "that [a] defendant might face defending another action.'" *Conafay v. Wyeth Labs.* ("Conafay II"), 841 F.2d 417, 420, (D.C. Cir. 1988); *see also In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829, 863 (3d Cir. 1990) ("Rule 41 motions should be allowed unless defendant will suffer some prejudice other than the mere prospect of a second lawsuit.") (citation omitted). This rule appears to be the law across the country. *See* Wright & Miller, *supra*, at § 2364 n.20 (collecting cases).

¶14     In evaluating whether to grant a dismissal without prejudice, Virgin Islands courts and other courts within the Third Circuit have considered the following factors: "(1) any excessive and duplicative expense of a second litigation, (2) the effort and expense incurred by the defendant in preparing for trial, (3) the extent to which the pending litigation has progressed, and (4) the claimant's diligence in moving to

dismiss." *Williams,* 2013 WL 450368 at \*3 (quoting *In re Tutu Wells Contamination Litig.,* 994 F. Supp. at 653); Wright & Miller, *supra,* at § 2364 (collecting cases). In its analysis, the Court should also "endeavor to insure substantial justice to both parties, and if necessary, impose curative conditions to effectuate this purpose." *Caribbean Jewelry Corp. v. Hartford Fire Ins. Co.,* 16 V.I. 165 (V.I. Super. Ct. 1979) (citation omitted). This may include an award of attorneys' fees and costs as is within the Court's discretionary power. *Id.* at 167. "[C]ourts will often grant attorneys' fees and costs when a plaintiff voluntarily dismisses a lawsuit without prejudice under [Rule 41(a)(2)]. . . to compensate the defendant for having incurred the expense of trial preparation without the benefit of a final determination of the controversy." *Williams,* 2013 WL 450368 at \*3 (internal quotations omitted) (quoting *John Evans Sons, Inc. v. Majik Ironers, Inc.,* 95 F.R.D. 186, 191 (E.D. Pa. 1982)); *see also Carroll v. E One Inc.,* 893 F.3d 139, 147 (3d Cir. 2018); *Del Valle,* 2015 WL 1187627 at \*3 (attorneys fees may be awarded to the defendant upon dismissal without prejudice); *U.S. ex rel. Haskins v. Omega Inst., Inc.,* 25 F. Supp. 2d 510, 515 (D.N.J. 1998); *Citizens Sav. Ass'n v. Franciscus,* 120 F.R.D. 22, 24 (M.D. Pa. 1988); *but see Hamed,* 2016 WL 6330472 at 3\* (declining to award costs and attorneys' fees because of the volume of pending litigation involving the parties).

¶15    Opposing Beachside's motion, the COA argues that Beachside's "last minute decision to seek dismissal of this 2006 case, on the very eve of trial" is an "intolerable burden" on the COA amounting to prejudice. The COA stresses that this action has

been pending for over ten years, causing it to incur substantial expense from extensive legal work, including its participation in court-ordered mediation, negotiation of a joint final pretrial order, voir dire, drafting of a pretrial memorandum of law, arrangement of witnesses, and preparation of jury instructions. The COA also argues that Beachside could have brought the current motion to dismiss on April 30, 2014 when Beachside first filed its counterclaims against the COA in the Easement Case, or at the December 15, 2015 scheduling conference in this case.[13] To support its position, the COA cites to *Ockert v. Union Barge Line Corp.*, 190 F.2d 303 (3d Cir. 1951) in which the Third Circuit affirmed the District Court of the Virgin Islands' decision to deny plaintiff's motion for voluntary dismissal without prejudice, after the motion was made on the day of trial, which was scheduled on a date selected by the plaintiff, after the case had been pending for two years, the defendant's lawyer had appeared, and all the defendant's witnesses had been brought into court. Analogizing *Ockert* to facts at bar, the COA initially argues that, because Beachside's motion was made "on the eve of trial" after the parties completed discovery and incurred substantial expense in filing a trial brief, a joint final pretrial order, voir dire and jury instructions, the Court should deny the motion to dismiss, or alternatively dismiss with prejudice, provided there was an award of fees and costs. The COA later

---

[13] The COA correctly points out that at the status conference held on December 15, 2015, the Court inquired of Beachside if it intended to maintain its demand for a jury trial, and Beachside indicated it wished to consult with its client. Beachside had 10 days to notify the Court if it would withdraw its jury demand. The Court entered an order the following day setting forth certain deadlines, but by oversight did not include the 10-day deadline for Beachside to notify the Court whether it still wished to have a trial by jury, and Beachside did not notify the Court of its position.

seemed to not insist on a trial, but that the matter be dismissed with prejudice and an award of costs.

¶16    The Court recognizes the significant time and expense spent by the COA in preparing for trial, and its frustration and/or anger are not unjustified. However, the Court also recognizes that Beachside likely incurred similar time and expenses as it also filed a pretrial brief, voir dire and jury instructions, and participated in the 'exhaustively negotiated' joint final pretrial order. Therefore, the Court does not find that the untimeliness of Beachside's Motion amounts to legal prejudice sufficient to warrant dismissal with prejudice and an award of fees. *See Hamilton v. Dowson Holding Co., Inc.*, 455 Fed. Appx. 228, 230 (3d Cir. 2011) (finding plaintiff's motion for voluntary dismissal without prejudice on the day of trial did not prejudice the defendant). In *Ockert*, the Third Circuit predicated its reasoning on the fact that the plaintiff sought voluntary dismissal on the day of trial, while intending "to reinstitute the case in the near future." *Hamilton*, 455 Fed. Appx. at 230 (distinguishing from *Ockert* on the facts); *see Ockert*, 190 F.2d at 305 (upholding "the refusal of the trial judge to permit the plaintiff to back out. . . and begin all over again"). Here, the COA faces no future risk of litigation. The substantive issues in this case have already been tried in the Easement Case and await final judgment. As such, a grant of dismissal does not prejudice the COA by leaving claims pending and unresolved as their resolution is imminent. Instead, the Court finds that a grant of dismissal without prejudice will prevent duplicative litigation and the risk of inconsistent opinions, both

of which are in the interest of sound judicial administration. Further, assuming a valid and final judgment on the merits is rendered in the Easement Case, any attempt at litigating the same issues will be precluded under the doctrine of *res judicata*. To further insure that Beachside does not seek damages from the COA, the Court will accept Beachside's suggestion to bar the award of damages to Beachside for the 2006 conduct, or any damages that could have been awarded had this matter gone to trial and resulted in a verdict favorable to Beachside.

¶17    Therefore, to avoid duplicative litigation, inconsistent opinions, or barring judgment on the Easement Case, the Court will exercise its judicial discretion to grant Beachside's Motion to Dismiss Without Prejudice.[14] The Court agrees with the COA that Beachside could have brought the current motion to dismiss much earlier than it did, as it was aware by such date that the claims to be tried in this case were also to be tried in the Easement Case.[15] Beachside's explanation that the later filed, but first tried Easement Case had been tried justifies the late motion. It appears likely that if this case had gone to trial before the Easement Case, that Beachside would have dismissed the Easement Case. In addition, the Court finds that Beachside likely incurred costs in preparing for trial that were comparable to those incurred by the COA, as it too had drafted a pretrial brief and prepared for voir dire and jury instructions. As such, any costs borne by the COA are not disproportionately

---

[15] By the December 15, 2015 scheduling conference, the Parties had already been ordered by Judge Dunston in the Easement Case to discuss a date for trial.

higher than those borne by Beachside. In light of this factor, Beachside's offer to relinquish any possible award of damages, and the fact that future litigation will be precluded by the Easement Case decision, the Court will exercise its judicial discretion to deny an award of attorney's fees and costs to the COA.

## CONCLUSION

¶18    For the foregoing reasons, Beachside's Motion to Dismiss Without Prejudice will be granted, but the Court will bar Beachside from obtaining an award of damages, including compensatory and punitive damages, from the COA for the 2006 conduct alleged in the complaint herein, and any damages that could have been awarded to Beachside had this matter gone to trial and resulted in a verdict favorable to Beachside The Court will also deny the COA's request for an award of fees and costs. Each party shall bear their own attorney's fees and costs.

An order consistent with this Opinion will immediately follow.

DATED: January 16, 2020

Kathleen Mackay
Judge of the Superior Court
of the Virgin Islands

ATTEST:
ESTRELLA H. GEORGE
Clerk of the Court

BY:
LORI BOYNES TYSON
Chief Deputy Clerk  1 / 16 / 2020